IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.  BK05-80059 |
| | ) | |
| ACCEPTANCE INSURANCE | ) | CH. 11 |
| COMPANIES, INC., | ) | |
| | ) | |
| Debtor(s). | ) | Filing No.  56 |

ORDER

On February 11, 2005, the debtor-in-possession filed an "EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW CONTINUATION OF PENDING APPEAL" (Fil. #56). That motion informs the court that there is now pending before the Eighth Circuit Court of Appeals an appeal from a judgment from the United States District Court for the District of Nebraska in securities litigation.  The debtor-in-possession is one of the appellees in such appeal.  The appeal is scheduled for oral argument on February 14, 2005.

As a result of the bankruptcy filing by the debtor and notice of such filing to the Clerk of the Eighth Circuit Court of Appeals, the oral argument was stayed with regard to the debtor, but is scheduled to go forward with regard to all of the other parties. According to the "emergency motion," the debtor has made a business decision that it is in the best interest of the debtor and its estate if it participates in such oral argument.  It therefore requests that relief from the automatic stay be granted to permit it to participate in the oral argument now scheduled for February 14, 2005.

The debtor-in-possession cites as authority for the court to enter such relief without notice to other parties the content of 11 U.S.C. § 362(f).  That section permits the court to grant relief without a hearing if such relief is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and hearing.

I find, based only upon the representations of the debtor-in-possession in the "emergency motion," that completion of the oral argument before the Circuit Court without the participation of the debtor-in-possession may result in irreparable damage to the interest of the bankruptcy estate.  I also find that there is no opportunity for notice and hearing prior to the date and time of the oral argument.  I further find that it does not appear there can be any harm to the interest of any other party by allowing relief from the stay to be granted to permit the debtor-in-possession to appear before the Court of Appeals to request permission to participate in oral argument, based upon the relief from stay having been granted.

The relief request in the "emergency motion" is granted. The debtor-in-possession is permitted, free of the automatic stay of 11 U.S.C. § 362(a), to participate in the Circuit Court oral argument, subject, of course, to permission of that court.

SO ORDERED.

DATED this 11th day of February, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*John J. Jolley
 UST

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.