IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

```
...............................................................x
                                        :
IN RE:                                  :    CASE NO. BK05-80059
                                        :
ACCEPTANCE INSURANCE COMPANIES INC.,    :    CHAPTER 11
                                        :
     DEBTOR.                            :
...............................................................x
```

**VERIFIED STATEMENT OF DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS PROPERTY TRUSTEE, INDENTURE TRUSTEE AND GUARANTEE TRUSTEE,
PURSUANT TO RULE 2019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE**

Deutsche Bank Trust Company Americas (f/k/a Bankers Trust Company), as

Property Trustee, Indenture Trustee and Guarantee Trustee, hereby makes the following

verified statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure:

Background/Transaction

1.      Deutsche Bank Trust Company Americas, whose address is 60 Wall

Street, New York, New York, 10005, is (i) the property trustee (in such capacity, the "Property

Trustee") under an Amended and Restated Trust Agreement dated as of August 4, 1997 (as

amended, modified or supplemented from time to time, the "Trust Agreement") among

Acceptance Insurance Companies, Inc. (the "Debtor"), as depositor, the Property Trustee and

Bankers Trust (Delaware), as Delaware trustee; (ii) the indenture trustee (in such capacity, the

"Indenture Trustee" and together with the Property Trustee, the "Trustee") under a Junior

Subordinated Indenture dated as of August 4, 1997 (as amended, modified or supplemented from

time to time, the "Indenture") between the Debtor and the Indenture Trustee; and (iii) the

guarantee trustee (in such capacity, the "Guarantee Trustee") under a Guarantee Agreement

dated as of August 4, 1997 (as amended, modified or supplemented from time, the "Guarantee Agreement") between the Debtor, as guarantor and the Guarantee Trustee.

2.  Pursuant to the Trust Agreement, AICI Capital Trust (the "Issuer Trust") issued $94,875,000.00 aggregate principal amount of its 9% Preferred Securities (the "Preferred Securities") and $2,934,300.00 aggregate principal amount of its 9% Common Securities (the "Common Securities", and together with the Preferred Securities the "Trust Securities"). The proceeds received by the Issuer Trust from the issuance of the Trust Securities were used to purchase $97,809,300.00 aggregate principal amount of the Debtor's 9% Junior Subordinated Deferrable Interest Debentures due 2027 (the "Debentures"), issued under the Indenture. The amount of the Debentures is equal to the total amount of the Preferred Securities and Common Securities issued under the Trust Agreement. The Debentures are being held in the name of the Property Trustee for the benefit of the Trust and the holders of the Trust Securities.

3.  Pursuant to the Guarantee Agreement, the Debtor agreed irrevocably and unconditionally to pay in full to the holders of the Preferred Securities the Guarantee Payments (as defined in the Guarantee Agreement) on the Preferred Securities, as and when due, regardless of any defense right of set-off or counterclaim which the Issuer Trust may have or assert, except the defense of payment.

4.  Pursuant to the Trust Agreement, the Debtor is obligated to indemnify and hold harmless the Property Trustee from and against any loss, damage, liability, tax, (excluding income taxes, other than taxes referred to in Sections 4.5 and 4.6 thereunder) penalty, expense or claim of any kind or nature whatsoever (including the reasonable compensation, expenses and disbursements of its agents and counsel), arising out of or in connection with the creation, operation or dissolution of the Issuer Trust or any act or omission performed or omitted by the

Property Trustee in good faith on behalf of the Issuer Trust and in a manner the Property Trustee reasonably believed to be within the scope of authority conferred on the Property Trustee by the Trust Agreement (the "Trust Agreement Obligations") other than any loss, damage or claim incurred by the Property Trustee by reason of negligence or willful misconduct with respect to such acts or omissions.

5.  Pursuant to the Indenture, the Debtor is obligated to indemnify the Indenture Trustee for and hold it harmless against any loss, liability or expense (including the reasonable compensation and the expenses and disbursements of its agents and counsel) incurred without negligence or bad faith, arising out of or in connection with the acceptance or administration of this trust or the performance of its duties hereunder, including the reasonable costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties under the Indenture (the "Indenture Obligations").

6.  Pursuant to the Guarantee Agreement, the Debtor is obligated to indemnify the Guarantee Trustee for and to hold it harmless against any loss, liability or expense incurred without negligence, willful misconduct or bad faith on the part of the Guarantee Trustee, arising out of or in connection with the acceptance or administration of the Guarantee Agreement, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder (the "Guarantee Obligations" and together with the Trust Agreement Obligations and the Indenture Obligations, the "Obligations").

## Information Required by Rule 2019

7.    As set forth above, the Debentures are being held in the name of the Property Trustee for the benefit of the Trust and of the holders of the Trust Securities. The Preferred Securities are publicly traded and, accordingly, the Trustee does not know the identity of the beneficial holders of the Preferred Securities at any particular time. Some of the Preferred Securities may have been acquired by holders within one year prior to the filing of the petition herein.

8.    As of January 7, 2005 (the "Petition Date"), the Debtor was, and still is, indebted under the Indenture in an aggregate liquidated amount of $97,809,300.00 on account of outstanding principal; and in an aggregate liquidated amount of $21,894,889.92 on account of outstanding interest through the Petition Date.

9.    As of the Petition Date, the Issuer Trust was, and still is, indebted to the Holders of the Preferred Securities under the Trust Agreement in an aggregate liquidated amount of $94,875,000.00 on account of outstanding principal; and in an aggregate liquidated amount of $21,238,038.53 on account of outstanding interest through the Petition Date.

10.    Copies of the Trust Agreement, the Indenture and the Guarantee Agreement are annexed hereto. The pertinent facts and circumstances in connection with the appointment of Deutsche Bank Trust Company Americas (f/k/a Bankers Trust Company), as Property Trustee, Indenture Trustee and Guarantee Trustee are fully explained in the documents referenced herein and annexed hereto.

11. As of the date of Deutsche Bank Trust Company Americas's appearance herein, it did not own, as Property Trustee, as Indenture Trustee or as Guarantee Trustee, any claims against or equity securities of the Debtor except for claims under the Trust Agreement, Indenture and Guarantee Agreement on account of, *inter alia*, the Obligations.

Deutsche Bank Trust Company Americas reserves the right to supplement or amend this statement at any time in the future.

Dated: March 22, 2005

<div style="margin-left:40%;">

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Indenture Trustee

By: _____
Name: Stanley Burg
Title: Vice President

</div>

## VERIFICATION

I, Stanley Burg, a Vice President of Deutsche Bank Trust Company Americas,

hereby verify that the foregoing statement is true and correct to the best of my knowledge,

information and belief.

Dated: New York, New York
      March 22, 2005

_Stanley Burg_
Stanley Burg