IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCEPTANCE INSURANCE, | ) | Case No. 05-80059 |
| COMPANIES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION OF THE SECURITIES AND EXCHANGE COMMISSION
## TO DEBTOR'S MOTION TO REJECT TRUST INDENTURE UNDER SECTION 365

The Securities and Exchange Commission ("Commission"), a statutory party in this case pursuant to Section 1109(a) of the Bankruptcy Code,1/ 11 U.S.C. § 1109(a), hereby objects to the Motion of the Debtor for Order Pursuant to 11 U.S.C. § 365(A) Authorizing the Debtor to Reject Certain Executory Contract Between the Debtor and Bankers Trust Company, n/k/a Deutsche Bank Trust Company Americas ("Deutsche" or "Indenture Trustee"). It is the Commission's position that, because Deutsche's services are for the benefit of the debenture holders and there are essentially no obligations owed by Deutsche to the Debtor, the indenture lacks the mutuality of obligations required for an executory contract that can be assumed or rejected pursuant to Section 365(a). Further, if an indenture is an executory rejected under Section 365(a) it will leave public debtholders without the protection of a trustee that is mandated by the Trust Indenture Act.

---

1/ As a statutory party in reorganization cases, the Commission acts as a special advisor to the court to protect the interests of public investors and enforce the securities laws. When appearing in this special advisory role under Section 1109(a), the Commission "may raise and may appear and be heard on any issue," but may not "appeal from any judgment, order or decree entered in the case." Although precluded from initiating an appeal while appearing in a case solely in that capacity, the Commission may participate in the appellate process when other parties appeal. H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). See, e.g., In re Johns-Manville Corp., 801 F.2d 60, 61 n.2 (2d Cir. 1986); In re Lionel Corp., 722 F.2d 1063, (2d Cir. 1983).

## BACKGROUND

On January 7, 2005, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. August of 1997, AICI Capital Trust, a Delaware business trust organized by the Debtor ("Issuer Trust") issued 3.795 million shares or $94.875 million aggregate liquidation amount of preferred securities. The Debtor is the sole owner of the common shares of the Issuer Trust. The preferred securities represent preferred undivided beneficial interests in the Issuer Trust's assets. The assets of the Issuer Trust consist solely of debentures issued by the Debtor in August of 1997 ("Debentures"). As of November 30, 2004, the Debtor had outstanding $115,059,998 in Debentures that were held by approximately 2,000 holders. Deutsche Bank acts as indenture trustee for the Debentures. The indenture for the Debentures contains a provision that states that any expenses and compensation incurred by the Indenture Trustee or its counsel are intended to constitute administrative expenses in the event that the issuer files for bankruptcy. It appears that the Debtor filed its Motion to reject the indenture because it is concerned that the Indenture Trustee will attempt to enforce this provision. However, the Indenture Trustee has indicated to both the Debtor's counsel and the Commission's staff that it is willing to stipulate that it will not assert an administrative claim based on this provision.

## DISCUSSION

**I.  Trust Indentures are not Executory Contracts within the Meaning of Section 365(a) of the Bankruptcy Code.**

Contrary to the Debtor's assertion, a trust indenture is not an executory contract subject to rejection pursuant to Section 365(a). Although a trust indenture provides for certain obligations that may be considered executory in nature, it does not involve the mutuality of obligations necessary to be considered an executory contract for purposes of Section 365(a).

The principal obligation remaining is for the Debtor to repay the loan in accordance with its contractual terms. The post-default duties of the Indenture Trustee are not for the benefit of the Debtor, but rather are for the benefit of the Debenture holders on whose behalf the Indenture Trustee serves. There are no material unperformed obligations owed by the Indenture Trustee or the Debenture holders to the Debtor.

The legislative history of Section 365 establishes that a contract must involve unperformed obligations on both sides to qualify as executory, stating: "[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R. Rep. No. 595, 95th Cong., 1st Sess. at 347 (1977). The legislative history further explains that "a note is not usually an executory contract if the only performance that remains is repayment. Performance on one side of the contract would have been completed and the contract is no longer executory." Id. Professor Countryman, the leading authority in this area, defines an executory contract for purposes of the bankruptcy laws as:

> a contract under which the obligations of <u>both</u> the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

Countryman, <u>Executory Contracts in Bankruptcy: Part I</u>, 57 Minn. L. Rev. 439, 460 (1973) (emphasis added)2/

The purpose of the executory contract provision in the Bankruptcy Code is to permit the debtor, by its assumption of the executory contract, to compel the other party to perform its obligations under the pre-petition contract in those circumstances where it would be beneficial to the

---

2/ Accord 2 <u>Collier on Bankruptcy</u>, ¶ 365.01 at 365-14, n.17 (15th ed. 1991) ("Contracts which have been fully performed by the bankrupt or by the other contracting party are not 'executory' for bankruptcy purposes."); <u>See also</u> <u>Jenson v. Continental Fin. Corp.</u>, 591 F.2d 477 (8th Cir. 1979); <u>In re Knutson</u>, 563 F.2d 916 (8th Cir. 1977); <u>In re Baldwin-United Corp.</u>, 43 B.R. 443, 458 (S.D. Ohio 1984) ("This definition, encompassing as it does the principle of mutuality, appears consistent with the understanding of both chambers of Congress in enacting § 365.")

estate. As to contracts fully performed by the non-debtor party, Professor Countryman states:

> The Trustee's option to assume or reject should not extend to such contracts. The estate has whatever benefit it can obtain from the other party's performance and the trustee's rejection would neither add to nor detract from the creditor's claim or the estate's liability. <u>His assumption, on the other hand, would in no way benefit the estate and would only have the effect of converting the claim into a first priority expense of administration and thus of preferring it over all claims not assumed.</u>

<u>Id</u>. at 450-52 (emphasis added).

Case law supports the Commission's view that indentures are not executory contracts. In <u>PWS Holding Corp.</u>, the court recognized that while the debtor may have pre-petition obligations to noteholders to pay the underlying debt or to the indenture trustee for its fees, the noteholders and the indenture trustee neither owed any duties nor had any obligations to the debtor. Thus, the court held that a trust indenture is not an executory contract because it lacks mutuality of obligations. <u>In re PWS Holding Corp.</u>, 2002 WL 32332066 (Bankr. D. Del., Jan. 30, 2002). Similarly, the court in the <u>Zenith</u> case recognized that an indenture is not an executory contract if the only performance that remains is the debtor's present or future duty to repay the loan. <u>Zenith Laboratories, Inc.</u>, 104 B.R. 667, 672 (Bankr. D.N.J. 1989). <u>See also</u>, <u>Prime Motor Inns, Inc.</u>, 130 B.R. 610, 612 (S.D. Fla. 1991).

The Debtor cites to <u>In re Texaco, Inc.</u>, 73 B.R. 960 (Bankr. S.D.N.Y. 1987) and <u>Philip v. L.F. Rothschild & Co.</u>, 2000 WL 1263554 (S.D.N.Y. Sept. 5, 2000) for its argument that indentures should be treated as executory contracts. It is important to note that neither of these cases addressed the rejection of an indenture as an executory contract. Rather, the courts focused on issues that were tangential to whether the indenture could be rejected. In <u>Philip</u>, the court considered whether debenture holders had a cause of action against the indenture trustee for breach of fiduciary duty. In

fact, it appears that the court's reference to "rejection" of the indenture in that case is more akin to cancellation of the indenture under Section 1123(a)(5)(F). Section 1123(a)(5) provides for the cancellation of an indenture under a plan. This mechanism is in keeping with the attributes of an indenture and the requirements of the Trust Indenture Act. In the <u>Philip</u> case, the "rejection" was implemented through the plan and did not take place until after confirmation. The effect was not a true rejection but rather a cancellation of the indenture.

In <u>Texaco</u>, the court did not hold that the trust indenture was an executory contract within the meaning of Section 365. Rather, the court ruled that the ipso facto (termination) clause in the indenture may not modify the rights of the debtor, Texaco. 73 B.R. at 960. Moreover, the Commission believes that the <u>Texaco</u> court's analysis of the issue is fundamentally flawed. Firstly, as discussed above, any duties of the indenture trustee are owed to the noteholders, not the debtor/issuer. Secondly, the court referred to obligations of the indenture trustee such as commencing litigation to enforce the indenture, fixing record and payment dates, providing notices to the noteholders and filing reports. However, the source of these obligations is not the indenture itself, but rather, the underlying requirements of the Trust Indenture Act. An obligation that is imposed by law should not give rise to an executory contract. <u>See e.g.</u>, <u>In re Stein and Day, Inc.</u>, 81 B.R. 263, 266 (holding that an obligation under a publishing agreement to indemnify the publisher was imposed by law and did not constitute a significant obligation that would create an executory contract). Accordingly, the trust indenture is not an executory contract that can be rejected under Section 365.

**II.	Rejecting an Indenture as an Executory Contract under Section 365(a) of the Bankruptcy Code Contravenes the Trust Indenture Act.**

Treating trust indentures as executory contracts subject to rejection is contrary to the underlying policy of the Trust Indenture Act of 1939 to protect bondholders by providing them with a trustee who has active fiduciary duties in the event of a bankruptcy.  The Trust Indenture Act requires an indenture trustee at all times.  Moreover, both the Trust Indenture Act and the Bankruptcy Code provide for an indenture trustee actively discharging a fiduciary duty imposed for the protection of public investors.  This duty cannot be made subject to a debtor's business judgment, the applicable standard for exercising the Section 365 assumption or rejection powers.  See Group of Int'l Investors v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 318 U.S. 523, 550 (1973) ("the question whether a lease should be rejected and, if not, on what terms it should be assumed, is one of business judgment"); 2 Collier on Bankruptcy, ¶ 365.03 (15th ed. 1991).  If, as Debtor argues, an indenture is an executory contract which can be rejected, then an issuer could easily evade the interests of bondholders in the event of default.  In that event, the bondholders would be left on their own to police the loan transaction, without the benefit of the trustee required by law.

## **CONCLUSION**

For the foregoing reasons, the Commission respectfully urges this Court find that the Debtor may not reject the trust indenture as an executory contract pursuant to Section 365(a) of the Bankruptcy Code.

Dated: Chicago, Illinois
       April 28, 2005

                                            /s/ John Lee
                                            John Richards Lee
                                            Assistant Regional Director

                                            /s/ Angela Dodd
                                            Angela D. Dodd
                                            Senior Bankruptcy Counsel

                                            Attorneys for the
                                            Securities and Exchange Commission
                                            175 West Jackson St., Suite 900
                                            Chicago, Illinois 60604-2908
                                            Telephone: (312) 353-7390
                                            Facsimile: (312) 353-7398

# CERTIFICATE OF SERVICE

I, Angela D. Dodd, do hereby certify that a copy of the foregoing OBJECTION OF THE SECURITIES AND EXCHANGE COMMISSION TO DEBTOR'S MOTION TO REJECT TRUST INDENTURE UNDER SECTION 365 was served on the parties that receive electronic notification in these proceedings and on the following parties on this 28th day of April, 2005, by depositing a sending a copy via Federal Express, addressed as set forth below:

## SERVICE LIST

Jeffrey T. Wegner
John J. Jolley, Jr.
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102

Nebraska Dept. of Revenue
Attn: Bankruptcy Unit
301 Centennial Mall South
Lincoln, NE 68509-4818

Internet Revenue Service
Attn; SPF, Stop 5301-OMA
1313 Furnam Street
Omaha, NE 60102

Evan Hollander
White & Case LLP
1155 Avenue of Americas
New York, NY 10036

   /s/ Angela Dodd_____
Angela D. Dodd