IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. BK05-80059 |
| ACCEPTANCE INSURANCE COMPANIES INC., | Chapter 11 |
| Debtor. | |

### DECLARATION OF GARY THOMPSON IN SUPPORT OF LIMITED RESISTANCE TO APPLICATION IN SUPPORT OF REQUEST FOR THE ENTRY OF AN ORDER DIRECTING THE DEBTOR TO APPEAR FOR AN EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AND TO PRODUCE DOCUMENTS IN CONNECTION THEREWITH

GARY THOMPSON deposes and states as follows:

1. I am the Chief Financial Officer of Acceptance Insurance Companies Inc. ("Debtor"), the debtor in the above-captioned Chapter 13 case. I am authorized to submit this declaration (the "Declaration") on behalf of the Debtor. The facts set forth herein are stated from my personal knowledge or from the records of the Debtor maintained in the course of its regular business activity. If I were called upon to testify, I could and would testify competently to the statements set forth herein.

2. On January 7, 2005 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1330, as amended (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Debtor's case. An official committee of unsecured creditors has been appointed in the Debtor's case.

4. The documents and records that Granite Reinsurance Company, Ltd. ("Granite

Re") requests in is Application in Support of Request for the Entry of an Order Directing the Debtor to Appear for an Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004, and to Produce Documents in Connection Therewith (the "Application") are extraordinarily voluminous, and the Debtor will have to expend a considerable amount of time and effort to produce the requested documents and records. It also will cost the Debtor's estate considerable amounts of money to make copies of the documents and records requested by Granite Re in its Application.

5. The Debtor currently has only two employees: myself and John Martin, the Chief Executive Officer of the Debtor. The Debtor's subsidiary, Acceptance Insurance Company, currently employs seventeen (17) people who could conceivably assist in gathering the requested documents and records, but the primary responsibility of those employees is to Acceptance Insurance Company.

6. There are documents in the Debtor's offices subject to various privileges, including the attorney-client privilege and attorney work product doctrine. It would be impracticable to the Debtor to separate privileged documents and records from non-privileged documents and records in its own office while its employees carry on its business so as to permit Granite Re to inspect documents and records on site, especially when certain of these records are maintained in electronic format.

7. The Debtor maintains files containing documents and pleadings pertaining to litigation involving the Debtor, but such files contain material subject to various privileges, including the attorney-client privilege and attorney work product doctrine.

8. The Debtor's subsidiaries Acceptance Insurance Services, Inc. ("AIS") and American Agrisurance, Inc. ("AmAg") each commenced proceedings under Chapter 7 of the

Bankruptcy Code in this Court. Richard Myers was appointed Chapter 7 Trustee in both of those bankruptcy case.

9. The Debtor's subsidiary American Growers Insurance Company ("American Growers") is under the control of the Nebraska Department of Insurance pursuant to a proceeding filed in the District Court of Lancaster County, Nebraska.

10. AIS, AmAg and American Growers are the only subsidiaries of the Debtor that are currently subject to liquidation proceedings.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

Dated this 5 day of August, 2005.

Gary Thompson