IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN RE: | Case No. 05-80059 |
|---|---|
| ACCEPTANCE INSURANCE COMPANIES, INC., | Chapter 11 |
| Debtor. | |
| GRANITE REINSURANCE COMPANY, LTD., Plaintiff, v. ACCEPTANCE INSURANCE COMPANY, Defendant. | Adv. Pro. No. 06-8015 |

## MOTION TO INTEVENE IN CONSOLIDATED CONTESTED MATTER AND ADVERSARY PROCEEDING

COMES NOW the Official Committee of Unsecured Creditors of Acceptance Insurance Companies, Inc. (the "Committee") and hereby moves the Court for an order, pursuant to 11 U.S.C. § 1109(b) and Fed. R. Civ. P. 24, as incorporated by Fed. R. Bankr. P. 7024, allowing the Committee to appear and be heard in this Adversary Proceeding. In support of this Motion, the Committee states as follows:

### BACKGROUND

1. On January 7, 2005 (the "Petition Date") , the Debtor filed its voluntary petition under Chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On January 10, 2005, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this proceeding. On January 19, 2005 the U.S. Trustee modified the appointment in order to add a creditor to the Committee.

3. The basis for the unsecured claims of the Committee's constituents lies in certain debentures (the "Debentures") issued by the Debtor. More particularly, in August 1997, the Debtor organized the AICI Capital Trust, a Delaware business trust (the "Issuer Trust"), essentially as a financing vehicle. The assets of the Issuer Trust consist solely of the Debentures issued by the Debtor in August 1997. Having the Debtor's debentures as its assets, the Issuer Trust issued $3,795,000 shares of Preferred Securities having an aggregate liquidation amount of $94,875,000 million (i.e., a liquidation amount of $25 per Preferred Security). These Preferred Securities represent preferred undivided beneficial interests in the Issuer Trust's assets (i.e., the Debentures). The Issuer Trust also issued common securities ("Common Securities"), all of which are owned by the Debtor. The obligations represented by the Debentures are due in 2027.

4. Distributions on the Preferred Securities and Debentures are cumulative, accrue from the date of issuance and are payable quarterly in arrears. The Debentures are subject to certain events of default and can be called at par value after September 30, 2002, all as described in the Indenture entered into in connection with the issuance of the Debentures (the "Indenture"). As of November 30, 2004, the Debtor had Debentures of $115,059,998 outstanding bearing an interest rate of 9%. The outstanding Debentures are, in essence, the claims of the unsecured creditors of this estate (not including Granite Re).

5. The Committee is not aware of any secured claims of the Debtor and believes that, after payment of administrative and priority claims, if any, the distributions from this Bankruptcy Estate will be paid entirely to the holders of unsecured claims.

## GRANITE RE

6. On May 6, 2005, Granite Re filed a proof of claim in the Bankruptcy Case in the amount of $10,875,363 (the "Proof of Claim"), designating its claim as being unsecured. (Claim No. 137). The basis for the Proof of Claim is listed as "premium due under re-insurance agreement, plus interest accrued thereunder."

7. The Debtor filed an objection to the Proof of Claim on December 13, 2005 (the "Claim Objection") (Filing No. 150). Granite Re filed a resistance to the Claim Objection on January 9, 2006 (the "Resistance") (Filing No.157).

8. The Claim Objection and the Resistance constitute a contested matter pursuant to Fed. R. Bankr. P. 9013.

9. On September 22, 2005, Granite Re filed a complaint (the "Complaint") in the United States District Court for the District of Nebraska (the "District Court") against Acceptance Insurance Company ("Acceptance"), which is a wholly-owned subsidiary of the Debtor. The Complaint sought damages against Acceptance in connection with the same reinsurance treaty that is the subject of the Contested Matter. On January 12, 2006, Acceptance moved to dismiss the Complaint, or in the alternative, for an Order referring the case to the Bankruptcy Court under NECivR 7.1 and the Fed.R.Civ.P. 12(b)(6).

10. Pursuant to an order entered on January 23, 2006, the District Court referred the Adversary Proceeding to this Court pursuant to NEGenR 1.5(a)(1) and 28 U.S.C. § 157. On March 31, 2006, upon the parties' joint motion, this Court consolidated the Adversary Proceeding and the Contested Matter.

### BASIS FOR RELIEF

11. This proceeding involves both a contested matter and an adversary proceeding, largely dealing with the same issues.

12. The Committee unquestionably has a right to appear and be heard in a contested matter, pursuant to § 1109(b). That section provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard *on any issue in a case* under this chapter." 11 U.S.C. § 1109(b) (emphasis added).

13. The Debtor's objection to Granite Re's claim is an issue (i.e., a point in dispute between two or more parties, *see In re The Caldor Corp.*, 303 F.3d 161, 169 (2d Cir. 2002)), and

has obviously arisen in a case under Chapter 11. Therefore, by the plain terms of 1109(b), the Committee has a right to be heard on the Debtor's objection.

14. Moreover, the Committee has a right to intervene in the adversary proceeding involving Granite Re and Acceptance. Rule 7024 of the Federal Rules of Bankruptcy Procedure, which is applicable to adversary proceedings, incorporates Fed. R. Civ. P. 24, which deals with, among other things, intervention of right and provides: "Upon timely application anyone shall be permitted to intervene in an action... when a statute of the United States confers an unconditional right to intervene...." *See* Fed. R. Civ. P. 24(a)(1).

15. Section 1109(b) of the bankruptcy code is such a statute. As noted above, that section states that a creditors' committee "may raise and may appear and be heard *on any issue in a case* under this chapter." 11 U.S.C. § 1109(b) (emphasis added).

16. The term "case" is generally understood as "the umbrella under which all of the proceedings that follow the filing of a bankruptcy petition take place." *Bank United v. Manley*, 273 B.R. 229 235 (N.D. Ala. 2001) (quotation and citation omitted); 7 *Collier on Bankruptcy, supra*, ¶ 1109.04[1][a] (15th ed. rev. 2006). The term "encompasses all of the discrete proceedings that follow the filing of a petition for bankruptcy relief, including adversary proceedings." 7 *Collier on Bankruptcy*, ¶ 1109.04[1][a][i]. A "proceeding" is "any one of the myriad discrete judicial proceedings within a case that is commenced in a form of pleading, such as a complaint, motion or application for judicial action." 7 *Collier on Bankruptcy, supra*, ¶ 1109.04[1][a][i].

17. The "issues" referred to in § 1109(b) necessarily arise in proceedings (whether they be adversary proceedings, contested matters, or administrative proceedings), which, in turn arise in and are part of the overall bankruptcy case. *In re The Caldor Corp.*, 303 F.3d 161, 169 (2d Cir. 2002); 7 *Collier, supra*, ¶ 1109.04[1][b]. "While the bankruptcy rules distinguish between different types of litigated matters that arise during the pendency of a bankruptcy case and divide them into contested matters and adversary proceedings, the plain text of § 1109(b) does

not distinguish between issues that occur in these different types of proceedings within a Chapter 11 case." *Id.* (internal quotations and citations omitted). Thus, "the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on *any issue* regardless whether it arises in a contested matter or an adversary proceeding." *Caldor*, 303 F.3d at 169 (emphasis original); *see also In re Marin Motor Oil, Inc.* 689 F.2d 445 (3d Cir. 1982).

18. Because § 1109 grants parties in interest, expressly including creditors' committees, an unqualified right to participate in any issue in a bankruptcy case, the Committee in this case therefore must be allowed to participate in the instant adversary proceeding.

19. The second basis for intervention of right under Rule 24(a) arises "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties." *See* Fed. R. Civ. P. 24(a)(2). The criteria set forth in Rule 24(a)(2) "should be considered together rather than discretely. Intervention should be granted of right if the interests favoring intervention outweigh those opposed." 6 James Moore, Moore's Federal Practice, § 24.03[1][b] (2005).

20. In this case, the Committee has a direct interest in the outcome of this proceeding, which would be impaired if Granite Re were to prevail on its claim against Acceptance or on the Debtor's claim objection. The Debtor is the sole shareholder of Acceptance, and Acceptance is one of the Debtor's few remaining assets with any significant value. Any order entered in this Adversary Proceeding will affect the administration of the Debtor's bankruptcy estate, because if Granite Re were allowed an unsecured claim in this bankruptcy, the distribution to unsecured creditors would be significantly diluted. Likewise, if Granite Re were awarded a judgment against Acceptance, the value of Acceptance as an asset of the Debtor would be dramatically decreased, thereby decreasing the value of assets that may be available for distribution to unsecured creditors. Thus, the Committee has an interest that

may as a practical matter be impaired by any decision in this case, and the interests favoring intervention outweigh any that might be opposed to it.

WHEREFORE the Committee requests that the Court enter an order granting the Committee permission to intervene in the consolidated contested matter and adversary proceeding involving Granite Re's claims against the Debtor and Acceptance, and to raise, appear, and be heard on any issue arising therein, and further requests such other relief as this Court may deem just and proper.

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ACCEPTANCE INSURANCE COMPANIES, INC.**

By: /s/ Robert J. Bothe
Robert J. Bothe, #15018
Michael T. Eversden, #21941
McGRATH NORTH MULLIN & KRATZ, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, NE 68102
Telephone: (402) 341-3070/Fax: (402) 341-0216

ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ACCEPTANCE INSURANCE COMPANIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all the persons listed on the CM/ECF system and the foregoing was also served by U.S. Mail to the persons listed below on this 24th day of April, 2006.

Evan Hollander
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

Scott G. Richman
Richman & Richman, P.A.
19 W Flagler Street
Suite 1400
Miami, FL 33130

Lewis S. Wiener
Sutherland, Asbill & Brennan
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Joseph C. Byam
Byam & Hoarty
8990 West Dodge Road
Suite 317
Omaha, NE 68114

Michael J. Matukewicz
Liakos Epstein & Matukewicz LLP
8701 W. Dodge Road
Suite 406
Omaha, NE 68114-3429

Robert F. Craig
Jenna Taub
Robert F. Craig, PC
1321 Jones Street
Omaha, NE 68102

Internal Revenue Service
Attn: SPF, Stop 5301-OMA
1313 Farnam Street
Omaha, NE 68102

Nebraska Department of Insurance
Attn: Director
941 O Street, Suite 400
Lincoln, NE 68508-3639

Nebraska Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 94818
Lincoln, NE 68509-4818

Angela Drummond Dodd
US Securities & Exchange Commission
175 W. Jackson
Suite 900
Chicago, IL 60606

Julie A. Wood
McGill, Gotsdiner, Workman & Lepp PC
11404 W Dodge Road
Suite 500
Omaha, NE 68154-2576

By: /s/ Robert J. Bothe
Robert J. Bothe, #15018