IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-80059-TJM |
| | ) | |
| ACCEPTANCE INSURANCE | ) | |
| COMPANIES, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on August 4, 2008, regarding Filing No. 336, Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement, filed by the debtor, and Filing No. 340, Resistance, filed by Granite Reinsurance Company, Ltd. Patrick Griffin and John Jolley, Jr., appeared for the debtor; Robert Craig and Jenna Taub appeared for Granite Reinsurance Company, Ltd.; Frank Schepers appeared for Paul Adams, Receiver; and Robert Bothe appeared for the Unsecured Creditors' Committee.

The debtor in possession has filed a motion for an order under 11 U.S.C. § 1121(d) to further extend the debtor's exclusive periods within which to file and solicit acceptances of a plan of reorganization. The motion is denied and the exclusive period has expired.

The debtor asserts as reasons for the extension of the exclusive period that it is diligently managing its business in an effort to maximize value for the benefit of the creditors; the Unsecured Creditors' Committee ("Committee") has agreed to the extension and has employed a consultant to assist the Committee and the debtor with one or more transactions that may form the basis of a plan of reorganization; it has continuing litigation concerning its "takings claim" in the Court of Federal Claims; and it has continuing litigation in the Court of Appeals for the Eighth Circuit regarding a $9,000,000 adversary proceeding filed by Granite Re.

It is unlikely that any of the litigation will be completed within the time frame requested for the extension. The major asset of the estate is an insurance company, now in receivership. Any plan which is proposed will need to deal with a sale of the insurance company, which will require approval not only of the creditors of the estate and the bankruptcy judge, but the Nebraska Department of Insurance. Filing of the plan and disclosure statement and obtaining the requisite votes for confirmation plus obtaining a purchaser for the insurance company and receiving approval from the Nebraska Department of Insurance will, most likely, take longer than the requested extension period.

At the moment, Granite Re, as a result of a decision by the Bankruptcy Appellate Panel, has a large claim that must be dealt with in any plan. Granite Re desires the opportunity to attempt to find a buyer for the insurance company, propose a plan, and pursue approval of the Nebraska Department of Insurance, with the cooperation of the debtor. It points out that the debtor has already received numerous extensions and, except for engaging in litigation, nothing has happened to move the case forward.

The Bankruptcy Code at § 1121(d) permits the court, for cause, to reduce or increase the exclusivity period for filing a plan and obtaining acceptances of such plan.

Concerning "cause" for an extension of the exclusivity period, the leading case in the circuit is Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639 (B.A.P. 8th Cir. 2003),where the court listed a number of factors to be considered in evaluating whether the debtor has shown good cause for an extension of the exclusivity period:

> The factors that must be established to constitute "cause" to reduce or increase the exclusivity periods are not described within § 1121(d), yet the legislative history of this section reveals what may establish cause.
> First, the legislative history reveals the intent to facilitate the rehabilitation of debtors in Chapter 11, and therefore the party requesting an extension of the exclusivity period has the burden of establishing good cause. See, e.g., Matter of Newark Airport/Hotel, Ltd., 156 B.R. 444, 451 (Bankr. D.N.J. 1993); In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); In re Pine Run Trust, Inc., 67 B.R. 432, 434 (Bankr. E.D. Pa. 1986); In re Tony Downs Foods Co., 34 B.R. 405 (Bankr. D. Minn. 1983). The legislative history also reveals that Congress intended that the granting of an extension would be based "on a showing of some promise of probable success [for reorganization]." Matter of Newark Airport/Hotel, Ltd., 156 B.R. at 451 (quoting 11 U.S.C.A. 1121(d) (Historical and Revision Notes, S. Rept. No. 95-989, U.S. Code Cong. & Admin. News 1978, 5787)). Furthermore, "[a]n extension should not be employed as a tactical measure to put pressure on parties in interest to yield to a plan they consider unsatisfactory." Id.
> In deciding whether or not to extend or shorten the exclusivity periods, courts have relied on such factors as: (1) the large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure; (2) the need of the creditors' committee to negotiate with the debtor and the ability to prepare adequate information; (3) the existence of good faith progress towards reorganization; (4) the existence of an unresolved contingency; (5) the fact that the debtor is paying bills as they become due; (6) the length of previous extensions of exclusivity; (7) breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors; (8) the debtor's failure to resolve fundamental reorganization matters essential to its survival; (9) the gross mismanagement of the debtor.
> As always, we emphasize that these are only factors, not all of which are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each. As long as the bankruptcy court does not abuse its discretion, its decision will be affirmed.

Hoffinger Indus., 292 B.R. at 643-44 (citations omitted).

After considering the reasons the debtor has given for an extension of the exclusivity period, and considering the case law with regard to what should be considered as "cause" for such an extension, I find that the debtor has not met its burden of establishing good cause. Therefore, the motion is denied.

IT IS ORDERED the Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and

Disclosure Statement, Filing No. 336, is denied.

DATED: August 20, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
    \*Pat Griffin
    \*John Jolley, Jr.
    Robert Craig
    Jenna Taub
    Robert Bothe
    U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.