# LIQUIDATION ANALYSIS

Attached as **Exhibit "1"** to this Appendix is the Debtor's Operating Report for January 2009 including its latest balance sheet. The Operating Report identifies the following:

Assets
|  |  |
| --- | --- |
| Total Current Assets | $695,243 |
| Other Assets* | $22,048,693 |
| Total Assets | $22,743,946 |

Liabilities
|  |  |
| --- | --- |
| Post Petition Debt | $24,074 |
| Litigation Claims | $22,000,000 |
| Unsecured Liabilities | $46,054 |
| Unsecured Debt | $116,110,260 |
| Total Liabilities | $138,180,388 |

\* Of the total "Other Assets" $21,500,000 is stated to consist of "Contingent Claims." The amount of $548,693 is listed as the book value of Debtor's investment in Acceptance Insurance Company, in receivership.

There are three significant variables that could impact any proposed liquidation value to the holders of claims:

1. Final disposition of the Granite Re claim;

2. Final disposition of the assets identified as Contingent Claims; and

3. Determination of the relative priority of the Trust Preferred claims vis a vis other claims against the estate.

## The Granite Re Claim

The substance of the Granite Re claim is discussed in the body of the Disclosure Statement. In the event the 8th Circuit Court of Appeals affirms the decision of the Bankruptcy Appellate Panel it remains an obligation of the Debtor. Conversely, if the 8th

1



Circuit rejects the Bankruptcy Appellate Panel's analysis and reinstates the decision of the Bankruptcy Court, the Granite Re claim is eliminated with a corresponding reduction in total liabilities.

The Contingent Claims

This element of the Debtor's stated assets consists of an action filed against the United States of America in which Debtor asserted damages resulting from the actions of the Risk Management Agency ("RMA") in blocking the proposed sale of certain crop insurance policies and other tangible and intangible insurance assets to a private third party purchaser. The damages sought are in the amount of $21,500,000.

The government filed a motion seeking to have the case dismissed. On September 25, 2008 the Court of Claims issued its Opinion and Order dismissing the suit. Debtor continues to list the claim as an asset. If on appeal the decision is reversed all or some portion of this amount may be realized by the Debtor. If the decision is affirmed on appeal, the claim will not provide value available for distribution to creditors.

The Priority Issue

As is discussed in the body of the Disclosure Statement, the Courts will be asked to determine whether the claims of the Trust Preferred holders are to share pari passu with other creditors. If it is determined that they are, available asset values will be disseminated among $138,180,388.00 of claims. If the Court determines they are subordinate to the claims of other creditors, available asset values will be disseminated among slightly more than $22 million in claims, assuming all are allowed.

As with any forwarding looking analysis, there exist many other variables that could have an effect on the foregoing summary.